FILED COPY

2013 JUN 21  PM 3:36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
E-mail: andres@qlglaw.com
         john@qlglaw.com

Attorneys for Plaintiff Code Rebel, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODE REBEL, LLC, a Hawaii Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AQUA CONNECT, INC., a Nevada Corporation,<br><br>　　　　Defendant. | CASE No. CV13-04539-DSF (JCGx)<br><br>**COMPLAINT FOR:**<br>(1) TRADE LIBEL;<br>(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>(3) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>(4) VIOLATION OF THE CLAYTON ANTITRUST ACT;<br>(5) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §17043]; and,<br>(6) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §17200 et seq.]<br><br>Related Case: CV11-5764 RSWL (MANx) |

Quintana Law Group, APC

Plaintiff Code Rebel, LLC ("Plaintiff" or "Code Rebel"), files this Complaint, and the causes of action herein, against Defendant Aqua Connect, Inc. ("Defendant" or "Aqua Connect"), a Nevada Corporation, and avers as follows:

## PARTIES

1. Plaintiff Code Rebel is a Hawaii Limited Liability Company, incorporated under the laws of the State of Hawaii, with its primary place of business located in Hawaii. Code Rebel is a citizen of the State of Hawaii.

2. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Defendant Aqua Connect, Inc. is a corporation formed under the laws of the State of Nevada, with its primary place of business located in the State of California. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Defendant Aqua Connect is a citizen of the States of California and Nevada.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction exists over the Plaintiff Code Rebel's claims in this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 15, because Plaintiff Code Rebel has alleged a claim based on the Clayton Antitrust Act, which is a Federal question. Jurisdiction for all of the causes of action is also appropriate under 28 U.S.C. § 1332, on the grounds of diversity jurisdiction, since Plaintiff Code Rebel on the one hand, and the Defendant Aqua Connect on the other hand, are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Personal jurisdiction over Defendant is proper because it is domiciled and has its primary place of business in this District, and because the majority of acts of Defendant complained about herein occurred in this District.

5. This venue is appropriate because, Defendant is domiciled and has its primary place of business in this District, and because the majority of acts of Defendant complained about herein occurred in this District.

Quintana Law
Group, APC

2

## GENERAL ALLEGATIONS

6. Plaintiff Code Rebel is a Hawaiian company that has developed multiple types of remote access software that allows one or more users to view and fully interact with a remote or locally networked Apple Macintosh computer, which are known by the names iRAPP and iRAPP TS (collectively, the "iRAPP programs").

7. Plaintiff Code Rebel then marketed and sold its iRAPP programs to the public, since approximately September of 2007.

8. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that Defendant Aqua Connect, through its employees, officers and/or agents, became aware of the existence of Plaintiff Code Rebel's iRAPP programs no later than April of 2008.

9. Defendant Aqua Connect is a direct competitor of Plaintiff Code Rebel, in that Defendant Aqua Connect also markets and sells a computer program designed to allow users to remotely access and interact with an Apple Macintosh computers and/or server. That program is called Aqua Connect Terminal Server, an is commonly known by the name "ACTS".

10. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that after Defendant Aqua Connect became aware that it was a direct competitor of Code Rebel, Aqua Connect embarked on a pattern of defamation and disparagement of both Code Rebel's iRAPP programs, and Code Rebel itself, with the intent to interfere with Code Rebel's economic interests and destroy competition.

11. In furtherance of its plan to injure Code Rebel and destroy competition, Plaintiff Code Rebel is informed and believes, and on that basis alleges, that Defendant Aqua Connect, through its employees, officers and and/or agents, took several concrete steps in furtherance of that plan, including, but not limited to:

    a. Knowingly and/or with a reckless disregard for the truth making false representations of fact to third parties, and Plaintiff Code

Rebel is informed and believes, and on that basis alleges, that those third parties included Code Rebel's customers and potential customers, regarding Code Rebel and/or the iRAPP programs;

b. Offering for sale and selling Aqua Connect's ACTS program to Code Rebel's customers and potential customers at prices below Aqua Connect's cost.

12. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that after Defendant Aqua Connect's purpose in making the misrepresentations and committing the unfair practices described in the preceding paragraph was to injure Code Rebel, its competitor, and destroy competition related to the sale of computer programs designed to allow users to remotely access and interact with Apple Macintosh computer(s) and/or server(s).

13. Plaintiff Code Rebel was injured by Aqua Connect's wrongful acts, which were substantial factors in causing harm to Plaintiff Code Rebel, including but not limited to: lost sales, injuries to Code Rebel's reputation, and injuries to the iRAPP brand.

## FIRST CAUSE OF ACTION

**(For Trade Libel and Disparagement Against Defendant Aqua Connect)**

14. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

15. Within the last two years, and at earlier times which were not, and could not reasonably have been, discovered by Code Rebel until some time within the last two years, Defendant Aqua Connect, through its officers, employees, and/or agents, acting with the authorization of and/or within the scope of their responsibilities for Aqua Connect, made statements that were false at the time they were made, regarding Plaintiff Code Rebel and regarding Code Rebel's product, the iRAPP programs, including, but not limited to:

      a. Asserting that Code Rebel's iRAPP programs infringe on Aqua Connect's patents, when Aqua Connect holds no patents; and,

      b. Asserting that the controversial "Cherry OS" product was a Code Rebel product.

16. Those statements were made to multiple people and entities that Plaintiff Code Rebel is informed and believes, and on that basis alleges, are customers and potential customers of Code Rebel.

17. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that, at the time those statements were made, Aqua Connect knew them to be false, or at a minimum had a reckless disregard for their truth or falsity.

18. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that those statements were made by Aqua Connect with ill will towards Code Rebel and/or with the intent to interfere with Code Rebel's economic interests in an unprivileged fashion, in that Aqua Connect had malicious intent towards Code Rebel and/or intended to injure Code Rebel, Code Rebel's reputation, Code Rebel's iRAPP programs and/or Code Rebel's brand of iRAPP programs, as well as subject Code Rebel to hatred, contempt, and ridicule.

19. As a result of Defendant Aqua Connect's acts, Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Plaintiff Code Rebel has sustained or will sustain special damages in an amount in excess of one hundred thousand dollars ($100,000.00), the exact amount of which will be proven at trial, as a result of those statements being a substantial factor in causing harm to Plaintiff Code Rebel's business, trade, profession, and reputation.

20. Plaintiff Code Rebel further alleges that Defendant Aqua Connect's acts of defamation were committed with malice, oppression, or fraud, and were intended to injure Plaintiff Code Rebel in its business, and that punitive and/or exemplary damages should be awarded to the Plaintiff Code Rebel and against the Defendant Aqua Connect in an amount sufficient to deter Defendant Aqua Connect

from committing such malicious acts in the future.

## SECOND CAUSE OF ACTION

### (For Intentional Interference With Prospective Economic Advantage Against Defendant Aqua Connect)

21. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

22. Plaintiff Code Rebel and numerous actual and potential customers of Code Rebel were in economic relationships that probably would have resulted in economic benefits to Code Rebel.

23. Aqua Connect knew of Code Rebel's relationships with those actual and potential customers of Code Rebel.

24. Plaintiff Code Rebel is informed and believes, and on that basis alleges that Aqua Connect intended to disrupt Code Rebel's relationships with those actual and potential customers of Code Rebel.

25. Plaintiff Code Rebel is informed and believes, and on that basis alleges that Aqua Connect engaged in wrongful conduct, including by making false and misleading statements about Code Rebel and Code Rebel's iRAPP programs to actual and potential customers of Code Rebel, and by offering its ACTS program for sale to actual and potential customers of Code Rebel at below cost.

26. Due to Aqua Connect's wrongful conduct, Code Rebel's relationships with those actual and potential customers of Code Rebel were disrupted.

27. That disruption harmed Code Rebel, and Aqua Connect's wrongful conduct was a substantial factor in causing Code Rebel's harm.

28. As a result of Defendant Aqua Connect's acts, Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Plaintiff Code Rebel has sustained or will sustain special damages in an amount in excess of one hundred thousand dollars ($100,000.00), the exact amount of which will be proven at trial, as

a result of those statements being a substantial factor in causing harm to Plaintiff Code Rebel's business, trade, profession, and reputation.

29. Plaintiff Code Rebel further alleges that Defendant Aqua Connect's wrongful acts were committed with malice, oppression, or fraud, and were intended to injure Plaintiff Code Rebel in its business, and that punitive and/or exemplary damages should be awarded to the Plaintiff Code Rebel and against Defendant in an amount sufficient to deter Defendant Aqua Connect from committing such malicious acts in the future.

30. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that, unless restrained, Defendant Aqua Connect will continue to disrupt the contractual relationship between Plaintiff Code Rebel, on the one hand, and numerous actual and potential customers of Code Rebel, on the other hand, to Plaintiff Code Rebel's great and irreparable injury, for which damages would not afford adequate remedy and that damages would not completely compensate for the injury to Plaintiff Code Rebel's business, its reputation and goodwill, and Plaintiff Code Rebel is therefore entitled to injunctive relief.

### THIRD CAUSE OF ACTION
**(For Negligent Interference With Prospective Economic Advantage Against Defendant Aqua Connect)**

31. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

32. Plaintiff Code Rebel and numerous actual and potential customers of Code Rebel were in economic relationships that probably would have resulted in economic benefits to Code Rebel.

33. Aqua Connect knew or should have known of Code Rebel's relationships with those actual and potential customers of Code Rebel.

34. Aqua Connect knew or should have known that Code Rebel's

relationship with the numerous actual and potential customers of Code Rebel would be disrupted if it failed to act with reasonable care.

35. Aqua Connect failed to act with reasonable care.

36. Plaintiff Code Rebel is informed and believes, and on that basis alleges that Defendant Aqua Connect engaged in wrongful conduct including by making false and misleading statements about Code Rebel and Code Rebel's iRAPP programs to actual and potential customers of Code Rebel, and by offering its ACTS program for sale to actual and potential customers of Code Rebel at below cost.

37. Due to Aqua Connect's wrongful conduct, Code Rebel's relationships with those actual and potential customers of Code Rebel were disrupted.

38. That disruption harmed Code Rebel, and Aqua Connect's wrongful conduct was a substantial factor in causing Code Rebel's harm.

39. As a result of Defendant Aqua Connect's acts, Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Plaintiff Code Rebel has sustained or will sustain special damages in an amount in excess of one hundred thousand dollars ($100,000.00), the exact amount of which will be proven at trial, as a result of those statements being a substantial factor in causing harm to Plaintiff Code Rebel's business, trade, profession, and reputation.

40. Plaintiff Code Rebel further alleges that Defendant Aqua Connect's acts of defamation were committed with malice, oppression, or fraud, and were intended to injure Plaintiff Code Rebel in its business, and that punitive and/or exemplary damages should be awarded to the Plaintiff Code Rebel and against the Defendant Aqua Connect in an amount sufficient to deter Defendant Aqua Connect from committing such malicious acts in the future.

41. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that, unless restrained, Defendant Aqua Connect will continue to disrupt the contractual relationship between Plaintiff Code Rebel, on the one hand, and numerous actual and potential customers of Code Rebel, on the other hand, to

Plaintiff Code Rebel's great and irreparable injury, for which damages would not afford adequate remedy and that damages would not completely compensate for the injury to Plaintiff Code Rebel's business, its reputation and goodwill, and Plaintiff Code Rebel is therefore entitled to injunctive relief

## FOURTH CAUSE OF ACTION

**(For Violation Of The Clayton Antitrust Act Against Defendant Aqua Connect)**

42. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

43. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Defendant Aqua Connect it engaged in interstate commerce in the marketing, offering for sale, and sale of its ACTS program.

44. Plaintiff Code Rebel is engaged in interstate commerce in the marketing, offering for sale, and sale of its iRAPP programs.

45. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that both the ACTS program and the iRAPP programs provide similar services to users and compete with each other in the market

46. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that, aside from the ACTS program and the iRAPP programs, there are no other computer programs in the market that that provide similar services to users and compete in the same market.

47. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that Defendant Aqua Connect, through its officers, employees, and/or agents, acting with the authorization of, and within the scope of their responsibilities for, Defendant Aqua Connect, have discriminated in price for the ACTS program in order to injure, destroy, or prevent competition in that portion of trade and commerce in the United States through its wrongful acts, including, but not limited to, selling the ACTS program for less than cost, in violation of 15 U.S.C. § 13, *et*

seq.

48. As a result of Defendant Aqua Connect's acts, Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Plaintiff Code Rebel has sustained or will sustain damages in an amount in excess of one hundred thousand dollars ($100,000.00), the exact amount of which will be proven at trial, as a result of Defendant Aqua Connect's wrongful acts being a substantial factor in causing harm to Plaintiff Code Rebel's business, trade, profession, and reputation.

49. In addition, pursuant to 15 U.S.C. § 15, Plaintiff Code Rebel is entitled to treble the actual damages it has suffered due to Aqua Connect's wrongful acts.

## FIFTH CAUSE OF ACTION

**(For Unfair Business Practices, Per California Business & Professions Code § 17043, Against Defendant Aqua Connect)**

50. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

51. Plaintiff Code Rebel is informed and believes, and on that basis alleges, that Defendant Aqua Connect has offered to sell and has sold its ACTS program at a price below cost, for the purpose of injuring its competitors, including Code Rebel, and/or to destroy competition, in violation of California *Business & Professions Code* § 17043.

52. As a result, Code Rebel has been harmed by Aqua Connects' violation of Cal. *Bus. & Prof. Code* § 17043, and Aqua Connect's acts were a substantial factor in causing that harm. Plaintiff Code Rebel is informed and believes, and based thereon alleges, that Plaintiff Code Rebel has sustained or will sustain damages in an amount in excess of one hundred thousand dollars ($100,000.00), the exact amount of which will be proven at trial, as a result of Defendant Aqua Connect's wrongful acts a substantial factor in causing harm to Plaintiff Code Rebel's business, trade, profession, and reputation.

53. In addition, pursuant to Cal. *Bus. & Prof. Code* § 17082 Plaintiff Code Rebel is entitled to treble the actual damages it has suffered due to Defendant Aqua Connect's wrongful acts.

### SIXTH CAUSE OF ACTION

**(For Unfair Business Practices, Per California Business & Professions Code § 17200 *et seq.*, Against Defendant Aqua Connect)**

54. Plaintiff Code Rebel realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

55. Defendant Aqua Connect's actions constitute unfair, illegal and unlawful business practices in the State of California under the statutory law of California, including Cal. Bus. & Prof. Code §§ 17200, *et seq.*

56. As a direct and proximate result of Defendant Aqua Connect's wrongful acts, Plaintiff Code Rebel has suffered and continues to suffer damage to its business reputation and goodwill. Defendant Aqua Connect will continue, unless restrained, to disparage Plaintiff Code Rebel, and attempt to interfere with Plaintiff Code Rebel's ongoing relationships with numerous actual and potential customers of Code Rebel. Plaintiff Code Rebel has no adequate remedy at law. Plaintiff Code Rebel is entitled to an injunction restraining Defendant Aqua Connect, its officers, agents, and employees, and all persons acting in concert with Defendant Aqua Connect, from engaging in further unfair and unlawful business practices.

57. Plaintiff Code Rebel is further entitled to recover a sum in the amount of the gains, profits and advantages which Defendant Aqua Connect has obtained as a result of their wrongful acts. Plaintiff Code Rebel is presently unable to ascertain the extent of the gains, profits and advantages which Defendant has realized by reason of its acts of unfair competition, but believe that such amount is well in excess of one hundred thousand dollars ($100,000.00).

## PRAYER FOR RELIEF ON THE COMPLAINT

WHEREFORE, Plaintiff Code Rebel, LLC prays for the following relief:

1. That Defendant Aqua Connect, and each of its officers, directors, agents, servants, employees, affiliated companies, representatives, licensees, attorneys, successors and assigns, and all those persons, firms, associations, corporations or other entities, in active concert or participation with any of them, be enjoined throughout the world during the pendency of this action, and permanently thereafter from competing unfairly and injuring Plaintiff Code Rebel.

2. That Defendant Aqua Connect, and each of its officers, directors, agents, servants, employees, affiliated companies, representatives, licensees, attorneys, successors and assigns, and all those persons, firms, associations, corporations or other entities, in active concert or participation with any of them, be enjoined throughout the world during the pendency of this action, and permanently thereafter from making false statements regarding Plaintiff Code Rebel, and Plaintiff Code Rebel's products, services, employees, officers, owners and agents.

3. That Defendant Aqua Connect be ordered and directed to file with this Court and serve on Plaintiff Code Rebel ten (10) days after the issuance of any preliminary or permanent injunction by the Court, whichever occurs sooner, a report in writing and under oath setting forth in detail the manner and form in which Defendant Aqua Connect has complied with the foregoing paragraphs.

4. That judgment be rendered against Defendant Aqua Connect for:

   (a) All general and special damages sustained by Plaintiff Code Rebel on account of the Defendant Aqua Connect's wrongful conduct, in an amount to be proven at trial, but believed to be in excess of one hundred thousand dollars ($100,000.00);

   (b) Treble damages, pursuant to statute; and,

   (c) Exemplary and punitive damage awards in amounts sufficient to punish Defendant Aqua Connect and to deter similar wrongful conduct.

Quintana Law Group, APC

   (d) Disgorgement of all income, gains, profits and other advantages derived as a result of such Defendant Aqua Connect's unfair and unlawful business activities.

5. That judgment be further entered against Defendant Aqua Connect for restitution in amounts to be determined at trial, but in no event less than all income, gains, profits and other advantages derived as a result of Defendant Aqua Connect's unfair and unlawful business activities, believed to be well in excess of one hundred thousand dollars ($100,000.00).

5. Plaintiff Code Rebel have and recover its costs, expenses, and disbursements incurred in this action, including an award of its reasonable attorneys' and investigators' fees, pursuant to statute.

6. Plaintiff Code Rebel have and recover prejudgment interest on all profits and damages awarded by this Court.

7. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff Code Rebel to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement of compliance therewith, and for the punishment of any violations thereof.

8. That Plaintiff Code Rebel have such other and further relief as the Court may deem just and proper.

DATED: June 20, 2013   QUINTANA LAW GROUP
           A Professional Law Corporation

           By: _____
           Andres F. Quintana, Esq.
           John M. Houkom, Esq.

           Attorneys for Plaintiff Code Rebel, LLC

Quintana Law Group, APC

13

## RESERVATION OF RIGHTS

Plaintiff Code Rebel, LLC reserves its right to amend this Complaint to assert additional claims that may be developed during discovery in this action, as appropriate.

DATED: June 20, 2013

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana, Esq.
John M. Houkom, Esq.

Attorneys for Plaintiff Code Rebel, LLC

## DEMAND FOR JURY TRIAL

Plaintiff Code Rebel, LLC hereby demands a jury trial in this action.

DATED: June 20, 2013

QUINTANA LAW GROUP
A Professional Law Corporation

By: _____
Andres F. Quintana, Esq.
John M. Houkom, Esq.

Attorneys for Plaintiff Code Rebel, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV13- 4539 DSF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
QUINTANA LAW GROUP, APC
26135 Mureau Road, Suite 101, Calabasas, CA 91302
(818) 914-2100 / (818) 914-2101 - fax



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODE REBEL, LLC, a Hawaii Limited Liability Company,<br><br>           PLAINTIFF(S)<br>v.<br>AQUA CONNECT INC., a Nevada Corporation,<br><br>           DEFENDANT(S). | CASE NUMBER<br><br>**CV13-04539** DSF(JCGx)<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Quintana Law Group, APC_____, whose address is _26135 Mureau Rd, #101, Calabasas, California 91302_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 2 1 2013            By: _____
                                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                      SUMMONS

COPY

Name & Address: Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
QUINTANA LAW GROUP, APC
26135 Mureau Road, Suite 101, Calabasas, CA 91302
(818) 914-2100 / (818) 914-2101 - fax

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODE REBEL, LLC, a Hawaii Limited Liability Company, <br><br> PLAINTIFF(S) <br> v. <br> AQUA CONNECT INC., a Nevada Corporation, <br><br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-04539-DSF(JCGx) <br><br><br> SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Quintana Law Group, APC_____, whose address is __26135 Mureau Rd, #101, Calabasas, California 91302_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN 21 2013__                    By: __MARILY...__
                                               Deputy Clerk
                                               (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                            SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
CODE REBEL, LLC, a Hawaii Limited Liability Company,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
AQUA CONNECT INC., a Nevada Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Andres F. Quintana (SBN 190525) and John M. Houkom (SBN 203240)
QUINTANA LAW GROUP, APC
26135 Mureau Road, Suite 101, Calabasas, CA 91302
(818) 914-2100 / (818) 914-2101 - fax

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000.00+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Clayton Antitrust Act, 15 U.S.C. §13, et seq., Sales Below Cost with intent to injure, destroy or prevent competition; State Law claims for trade libel, interference, and unfair business practices

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☒ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-04539

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s): CV11-5764 RSWL (MANx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☒ A. Arise from the same or closely related transactions, happenings, or events; or
- ☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Hawaii |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | State of Hawaii |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature]  DATE: June 20, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |