Michael K. Hagemann (State Bar No. 264570)
Clay R. Wilkinson (State Bar No. 269080)
M.K. HAGEMANN, P.C.
1801 Century Park East, Suite 2400
Century City, CA 90067
Tel: (310) 499-4695
Fax: (310) 499-4796
mhagemann@mkhlaw.com
cwilkinson@mkhlaw.com

Attorneys for Defendant
AQUA CONNECT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CODE REBEL, LLC, a Hawaii Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> AQUA CONNECT INC., a Nevada Corporation, <br><br> Defendant. | Case No.: CV13-04539 RSWL (MANx) <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND** <br> **[Cal. Code Civ. Proc. § 1030]** <br><br> Courtroom: 21 <br> Judge: Hon. Ronald S. W. Lew <br> Date: May 28, 2014 <br> Time: 10:00 a.m. <br><br> Complaint Filed: June 21, 2013 <br><br> *[Filed concurrently with the Declarations of Michael K. Hagemann and Clay Wilkinson, and [Proposed] Order]* |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on *May 28, 2014* or as soon thereafter as this matter may be heard in Courtroom 21 of the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, Defendant AQUA CONNECT, INC. ("Defendant") will and hereby does move for an order that a cost bond in the amount of $137,000.00 be posted by Plaintiff CODE REBEL, LLC.

Defendant moves pursuant to Cal. Code of Civil Procedure section 1030.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 6, 2013.  The parties were unable to reach an agreement.

Defendant bases its Motion on this Notice, the attached Memorandum of Points and Authorities, the Declarations of Clay Wilkinson and Michael K. Hagemann and Exhibit, and upon such further oral or documentary evidence as may be requested at the hearing on this Motion.


DATED:  April 29, 2014                M.K. HAGEMANN, P.C.

                                      By: /s/ Clay R. Wilkinson
                                      Michael K. Hagemann
                                      Clay R. Wilkinson
                                      Attorneys for Defendant, AQUA CONNECT, INC.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

1

2

## **TABLE OF CONTENTS**

3

**I.    INTRODUCTION** ......................................................................**1**

**II.   STATEMENT OF FACTS** ..........................................................**1**

**III.  ARGUMENT** ..............................................................................**1**

   A.   General Authority For Cost Bond ........................................ 1

      1.   Section 1030 applies in federal court .............................. 3

      2.   The "reasonable possibility" standard is low ..................... 3

      3.   Plaintiff's failure to comply results in dismissal with prejudice ....................... 3

   B.   Defendant Meets The "Reasonable Possibility" Standard ...................................... 4

      1.   Probability of success factor .......................................... 4

      2.   Reasonable extent of security to be posted – defendant's perspective ............ 14

      3.   Reasonable extent of security to be posted – plaintiff's perspective ............... 15

**IV.  CONCLUSION** .......................................................................**16**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

1

**TABLE OF AUTHORITIES**

2

3 **Cases**

4 *AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 (N.D. Cal. 2013)...............3

5 *Alshafie v. Lallande*, 171 Cal. App. 4th 421 (Ct. App. 2009) .................................2

6 *Black v. Bank of America N.T. & S.A.,* 30 Cal.App.4th 1 (Ct. App. 1994) .........................9

7 *Brown v. Kelly Broadcasting Co.,* 48 Cal. 3d 711 (1989).....................................8

8 *Burdette v. Carrier Corp.,* 158 Cal. App. 4th 1668 (Ct. App. 2008) ............................5, 6

9 *Christakis v. Mark Burnett Prods.*, No. 2:08-cv-06864-GW-JTL, 2009 WL 1248947

10   (C.D. Cal. Apr. 27, 2009) ........................................................13

11 *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264 (9th Cir. 1990)..............14

12 *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967) ....................................9, 10

13 *Davies v. Krasna,* 14 Cal. 3d 502 (1975) ...............................................4, 5

14 *Des Grages v. Crall,* 27 Cal. App. 313 (1915)............................................13

15 *Desert Healthcare Dist. v. PacifiCare FHP, Inc.,* 94 Cal. App. 4th 781 (Ct. App. 2001) 12

16 *Edwards v. Fresno Community Hosp.,* 38 Cal. App. 3d 702 (Ct. App. 1974) ...................5

17 *Estate of Getemyan*, 90 Cal. App. 4th 1427 (Ct. App. 2001) ...............................3

18 *Franchise Realty Interstate Corp. v. San Francisco Local Jt. Executive Bd. of Culinary*

19   *Workers,* 542 F.2d 1076 (9th Cir. 1976) ........................................13

20 *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 U.S. Dist. LEXIS 98229 (S.D. Cal. 2010) 3

21 *GeoTag, Inc. v. Zoosk, Inc.*, 2014 U.S. Dist. LEXIS 24782 (N.D. Cal. 2014) .................3

22 *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349 (1974).....................................8

23 *Hagberg v. California Fed. Bank,* 32 Cal. 4th 350 (2004)..................................14

24 *Hedlund v. Superior Court,* 34 Cal. 3d 695 (1983) .......................................5

25 *Knoell v. Petrovich,* 76 Cal. App. 4th 164 (Ct. App. 1999) .................................4

26 *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134 (2003)..........................12

27 *Kourtis v. Cameron*, 358 Fed. Appx. 863 (9th Cir. 2009)....................................3

28 *Levin v. Graham & James,* 37 Cal. App. 4th 798 (Ct. App. 1995) ..............................5

-ii-

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

*Lyons v. Wickhorst* 42 Cal. 3d 911 (1986) ....................................................4

*Marchand v. Mercy Med. Ctr.*, 22 F.3d 933 (9th Cir. 1994)............................15

*Masson v. New Yorker Magazine,* 501 U.S. 496, 510 (1991) .......................8, 11

*McFaddin v. H.S. Crocker Co.,* 219 Cal. App. 2d 585 (Ct. App. 1963) ...........4

*McGrory v. Applied Signal Technology, Inc.,* 212 Cal. App. 4th 1510 (Ct. App. 2013) ....8

*McKelvey v. Boeing North Am. Inc.,* 74 Cal.App.4th 151 (Ct. App. 1999) ......6

*Mesler v. Bragg Mgmt. Co.,* 39 Cal. 3d 290 (1985) ......................................9

*Mosesian v. McClatchy Newspapers,* 233 Cal. App. 3d 1685 (Ct. App. 1991) ................9

*New York Times Co. v. Sullivan,* 376 U.S. 254 (1964) ..................................8

*Noel v. River Hills Wilsons, Inc.,* 113 Cal. App. 4th 1363 (Ct. App. 2003)....................10

*Norgart v. Upjohn Company,* 21 Cal. 4th 383 (1999).....................................7

*Organization for a Better Austin v. Keefe,* 402 U.S. 415 (1971) ....................12

*Pittman v. Avish P'ship*, 525 Fed. Appx. 591 (9th Cir. 2013) ............................3

*Reader's Digest Assn. v. Superior Court,* 37 Cal. 3d 244 (1984) ....................9

*Robert J. v. Catherine D.,* 171 Cal. App. 4th 1500 (Ct. App. 2009)..................5

*Rudnick v. McMillan,* 25 Cal. App. 4th 1183 (Ct. App. 1994) .........................9

*Rutherford v. Johnson,* 250 Cal. App. 2d 316 (Ct. App. 1967)..........................5

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573 (9th Cir. 1994) ..........3

*Sonora Diamond Corp. v. Superior Ct.,* 83 Cal. App. 4th 523 (Ct. App. 2000)................9

*Southland Mechanical Constructors Corp. v. Nixen,* 119 Cal. App. 3d 417 (Ct. App. 1981)........................5

*Synder v. Phelps,* 562 U.S. ___, 131 S.Ct. 1207 (2011) ..................................10

*Thomas v. Canyon,* 198 Cal. App. 4th 594 (Ct. App. 2011) .............................4

*Traditional Cat Ass'n, Inc. v. Gilbreath,* 118 Cal. App. 4th 392 (Ct. App. 2004)............6

*Tu-Vu Drive-In Corp. v. Davies,* 66 Cal. 2d 435 (1967).................................4

*Wady v. Provident Life and Accident Ins. Co. of Am.,* 216 F. Supp. 2d 1060 (C.D. Cal. 2002).........................9

**Statutes**

28 U.S.C. § 1920 ............................................................................................ 14

Cal. Bus. & Prof. Code § 17208 ..................................................................... 4

Cal. Civ. Code § 19 ......................................................................................... 7

Cal. Civ. Code § 3425.3 .................................................................................. 6

Cal. Civ. Code § 47 ............................................................................. 8, 10, 14

Cal. Civ. Proc. Code § 1030 ........................................................................ 1, 3

Cal. Civ. Proc. Code § 339 .............................................................................. 4

Cal. Civ. Proc. Code § 340 ........................................................................... 4, 5

Fed. R. Civ. P. 36 .......................................................................................... 14

Fed. R. Civ. P. 37 .......................................................................................... 14

Fed. R. Civ. P. 54 .......................................................................................... 14

**Other Authorities**

California Civil Jury Instruction No. 1723 ..................................................... 10

**Rules**

Local Rule 54.3-4 .......................................................................................... 14

Local Rule 54.3-5 .......................................................................................... 14

**Treatises**

10 Wright, Miller & Kane, *Fed. Practice and Procedure;* Civil 2nd § 2671 ..................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

There are consequences in California for out of state plaintiffs that select California as the forum for their lawsuits.  One of these consequences is the requirement of posting a cost bond upon a defendant showing a reasonable possibility of obtaining a favorable judgment.  In a case particularly suited for summary judgment, Defendant AQUA CONNECT, INC. ("Defendant") has shown such reasonable possibility on undisputed facts.  (*See* Defendant's Motion for Summary Judgment [39]; Defendant's Statements of Undisputed Material Facts in support of its Motion for Summary Judgment [39-1]; sealed UMF lodged February 4, 2014.)  And in a case that Defendant believes is primarily motivated out of Plaintiff's desire to retaliate against Defendant, even beyond the reasonable possibility of a favorable judgment, the case lacks serious merit. Defendant therefore requests this Court to order Plaintiff CODE REBEL, LLC ("Plaintiff") to post a cost bond of at least $137,000.00.

## II.   STATEMENT OF FACTS

The facts of this case are set forth in detail in Defendant's Statements of Undisputed Material Facts in support of its Motion for Summary Judgment and incorporated herein by reference.  (UMF [39-1]; sealed UMF lodged February 4, 2014.)

Plaintiff is a Hawaii limited liability company with its primary place of business located in Hawaii.  (First Amended Complaint ("FAC") ¶ 1.)  Defendant expects to incur significant costs related to depositions and proving requests for admission denied by Plaintiff.  (Decl. Wilkinson, ¶¶ 3-14.)

## III.   ARGUMENT

### A.   General Authority For Cost Bond

Cal. Code of Civil Procedure section § 1030 provides in pertinent part:

> (a)   When the plaintiff in an action or special proceeding
>        resides out of the state, or is a foreign corporation, the

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding.  For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

(b)     The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding.

(c)     If the court, after hearing, determines that the grounds for the motion have been established, the court shall order that the plaintiff file the undertaking in an amount specified in the court's order as security for costs and attorney's fees.

(d)     The plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action or special proceeding shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made.

The purpose of the statute is to enable a California resident sued by an out of state resident "to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction." *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (Ct. App. 2009).  It also prevents "out-of-state residents from filing frivolous lawsuits against California residents." *Id.*

///

-2-
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

### 1.   Section 1030 applies in federal court

"Although the Federal Rules of Civil Procedure do not address security bonds, federal district courts 'have inherent power to require plaintiffs to post security for costs.' *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). 'Typically, federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.' *Id.* (quoting 10 Wright, Miller & Kane, *Fed. Practice and Procedure;* Civil 2nd § 2671)." *Pittman v. Avish P'ship*, 525 Fed. Appx. 591, 592-93 (9th Cir. 2013). *See also Kourtis v. Cameron*, 358 Fed. Appx. 863, 866 (9th Cir. 2009) (quoting *Simulnet* for inherent power/discretion to impose cost bond).

### 2.   The "reasonable possibility" standard is low

The "reasonable possibility" standard is relatively low. *AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 15617 at *1 (N.D. Cal. 2013); *Estate of Getemyan*, 90 Cal. App. 4th 1427, 1432 (Ct. App. 2001) (defendant "not required to show that there [is] no possibility that [the plaintiff] could win at trial, but only that it [is] reasonably possible the [the defendant will] win").

Federal courts weigh the following factors in determining whether to impose a cost bond: (1) the probability/improbability of success on the merits and background and purpose of suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. *GeoTag, Inc. v. Zoosk, Inc.*, 2014 U.S. Dist. LEXIS 24782 at *5 (N.D. Cal. 2014) (citing *Simulnet*, 37 F.3d at 573; *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2010 U.S. Dist. LEXIS 98229 (S.D. Cal. 2010)).

### 3.   Plaintiff's failure to comply results in dismissal with prejudice

Failure to file the undertaking within the time allowed results in dismissal of the action as to the defendant that sought the cost bond. Cal. Civ. Proc. Code § 1030(d). *See*

-3-
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

*also Lyons v. Wickhorst* 42 Cal. 3d 911, 915 n.4 (1986) ("plaintiff's failure to give security for costs" is a basis for dismissal with prejudice).

**B.     Defendant Meets The "Reasonable Possibility" Standard**

Defendant meets the "reasonable possibility" standard because it can prove, on undisputed facts, that every one of its defenses bars Plaintiff's claims.  (Notice of Motion for Summary Judgment [39] (including statute of limitation and truth defenses)).  At the very least, Defendant's Motion for Summary Judgment has carried the initial burden of proof and shifted the burden to Plaintiff to put facts in dispute.  This Court has acknowledged that "the issues in this Action are particularly suited for summary judgment."  (Order [57].)

**1.     Probability of success factor**

a.     The statute of limitations bars all of Plaintiff's claims

Where the facts are undisputed, the accrual of a cause of action may be determined as a matter of law.  *Thomas v. Canyon,* 198 Cal. App. 4th 594, 604 (Ct. App. 2011).

i.     *The statute of limitations for every claim is one year.*

The statute of limitations for Code Rebel's first claim for defamation is one year. Cal. Civ. Proc. Code § 340(c).

The general rule is that the statute of limitations for Plaintiff's second and third claim for intentional and negligent interference with prospective economic advantage is two years.  Cal. Civ. Proc. Code § 339(1); *Tu-Vu Drive-In Corp. v. Davies,* 66 Cal. 2d 435, 437 (1967); *Knoell v. Petrovich,* 76 Cal. App. 4th 164, 168 (Ct. App. 1999); *McFaddin v. H.S. Crocker Co.,* 219 Cal. App. 2d 585 (Ct. App. 1963).

The general rule is that the statute of limitations for Plaintiff's sixth claim for unfair competition is four years.  Cal. Bus. & Prof. Code § 17208.

However, Defendant contends that because all claims are based solely on a claim of defamation, the statute of limitations is one year for all claims.  *See* Cal. Civ. Proc.

-4-

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

Code § 340(c); *Southland Mechanical Constructors Corp. v. Nixen,* 119 Cal. App. 3d 417, 431 (Ct. App. 1981) (applying the one-year statute of limitations to legal malpractice even when it was plead as breach of a written contract, a claim that typically has a four-year statute of limitations period); *Levin v. Graham & James,* 37 Cal. App. 4th 798, 805 (Ct. App. 1995) (citing *Southland Mechanical Constructors Corp.* with approval).  It is a well-established rule that the applicable statute of limitations is determined by the nature of the right sued upon.  *Hedlund v. Superior Court,* 34 Cal. 3d 695, 704 (1983); *Davies v. Krasna,* 14 Cal. 3d 502, 515 (1975).  The form of the action or the relief demanded does not determine the limitations period.  *Id.* at 515; *Edwards v. Fresno Community Hosp.,* 38 Cal. App. 3d 702, 704 (Ct. App. 1974).

> ii.     *The delayed discovery rule does not apply and each specifically pled statement was published at least two years before this action commenced*

In the case of defamation, the statute generally runs from the date the defamatory matter is published.  *Burdette v. Carrier Corp.,* 158 Cal. App. 4th 1668, 1692 (Ct. App. 2008); *see Rutherford v. Johnson,* 250 Cal. App. 2d 316, 318 (Ct. App. 1967).  Generally, publication occurs when the defendant communicates the defamatory statement to a person other than the person being defamed.  *Robert J. v. Catherine D.,* 171 Cal. App. 4th 1500, 1526 (Ct. App. 2009).

The statements alleged in paragraphs 16a through 16i of the First Amended Complaint were alleged and evidenced to be published at least three years prior to the commencement of this action.  (UMF [39-1] Nos. 28, 29.)  The statement alleged in paragraph 16j was published at least two years prior to the commencement of this action.  (*Id.*)  Therefore, on their face, all specifically alleged statements are barred by any statute of limitations shorter than or equal to two years, unless Plaintiff can prove: (1) delayed discovery applies to the particular claim as a matter of law; and (2) the facts proven by Plaintiff justify the application of the delayed discovery rule.

Further, the statement alleged in paragraph 16a that is alleged to be defamatory is simply a reference to another publication that was published more than four years ago, and as such, the statement alleged in paragraph 16a would be barred even if a four year statute of limitation applied because of the single publication rule.  Cal. Civ. Code § 3425.3; *Traditional Cat Ass'n, Inc. v. Gilbreath,* 118 Cal. App. 4th 392 (Ct. App. 2004); (Ex. 2); (UMF [39-1] Nos. 55, 56.)

aa.   The delayed discovery rule does not apply, as matter of law, to any of Plaintiff's claims

The plaintiff bears the burden of pleading and proving delayed discovery. *See McKelvey v. Boeing North Am. Inc.,* 74 Cal.App.4th 151, 160 (Ct. App. 1999) (emphasis added). In cases where the defamation is presumed to have caused injury, one cannot claim the cause of action did not accrue until actual damages were sustained. *Burdette,* 158 Cal. App. 4th at 1693 ("Once a plaintiff is aware of the injury, the limitations period is presumed to afford sufficient opportunity to discover the identity of all the defendants."). Here, Plaintiff alleges that each person listed in Paragraph 16 of the First Amended Complaint was "a potential customer of Plaintiff" and that "damages include, but are not limited to, lost sales to [the potential customers listed in Paragraph 16]." (FAC ¶¶ 16, 20.)

Further, Plaintiff alleges, "[Plaintiff] and numerous actual and potential customers of [Plaintiff] were in economic relationships that probably would have resulted in economic benefits to [Plaintiff]." (FAC ¶¶ 23, 33.) Therefore, the alleged injury would have occurred and would have been known at or near the time of the publication when the sale did not occur as Plaintiff was expecting from a "probabl[e]" customer; thus, the delayed discovery rule does not apply as a matter of law based on the allegations of the FAC. (UMF [39-1] No. 43.)

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

> bb.    Based on undisputed facts, the delayed discovery rule cannot apply to any of code rebel's claims because there was no delayed discovery by Plaintiff: it knew of the statements at all relevant times

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact."  Cal. Civ. Code § 19.  A plaintiff discovers a cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements.  *Norgart v. Upjohn Company,* 21 Cal. 4th 383, 397 (1999).  The plaintiff "has reason to suspect" when he has notice or information of circumstances to put a reasonable person on inquiry. *Id.* at 398.  The plaintiff need not know specific facts necessary to establish the cause of action; rather, he may seek to learn such facts through the process contemplated by pretrial discovery; but, within the applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place -- he cannot wait for them to find him and sit on his rights; he must go find them himself if he can and file suit if he does. *Id.*

Here, there is a mountain of evidence that shows Plaintiff actually knew of the alleged defamatory statements, with many single exhibits being sufficient alone to establish this knowledge.  (UMF [39-1] Nos. 32-43.)  The most compelling of which are:

- Exhibit 11 ([39-10], pp. 12-13] dated October 29, 2010 (Plaintiff's website that purports to dispel the "myths" spread by Defendant. Clearly Plaintiff thought on or before October 29, 2010 that Defendant was making false statements that were harming Defendant's business).

- Exhibit 14 ([39-10], pp. 21-22) dated November 8, 2010 (Kryeziu refers a third party to the website in Exhibit 11, even though the third party made no mention of any statements Defendant made about Plaintiff. Common

-7-
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

sense dictates it would only make business sense for Plaintiff to volunteer negative facts without being prompted if it believed it was highly likely that Defendant communicated the statements alleged in the FAC to customers as a general practice.)

- Sealed Exhibit 15 (pp. 33-34) dated November 7, 2010 (An internal e-mail which won't be summarized here so this motion can be filed publicly.)

- Kryeziu deposition dated May 11, 2012 (Telling Plaintiff's counsel that the slandering by Defendant needed to stop. This deposition predated any e-mail production by Defendant).

      b.    <u>Defendant did not violate the requisite standard of care which is a defense to all claims</u>

A private-figure plaintiff must prove at least negligence to recover any damages and, when the speech involves a matter of public concern, he must also prove *New York Times* malice to recover presumed or punitive damages." *Brown v. Kelly Broadcasting Co.,* 48 Cal. 3d 711, 747 (1989) (referring to *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964)).

      i.    *The proper standard of care is malice*

The First Amendment of the U.S. Constitution limits a state's defamation laws such that when the plaintiff is a public figure or the matters being discussed are matters of public concern, a plaintiff must prove *New York Times* malice, also known as "serious doubts as to the truth of his publication," or "acted with a high degree of awareness of the probable falsity." *Masson v. New Yorker Magazine,* 501 U.S. 496, 510 (1991); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349 (1974). Further, California Law further limits defamation law such that if a publication is privileged pursuant to California Civil Code section 47(c), malice must be proven by the plaintiff. Cal. Civ. Code § 47(c); *McGrory v. Applied Signal Technology, Inc.,* 212 Cal. App. 4th 1510, 1540 (Ct. App. 2013).

///

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

aa.	Plaintiff is a limited public figure

Whether the plaintiff is a public figure is a question of law for the Court. *Reader's Digest Assn. v. Superior Court,* 37 Cal. 3d 244, 252 (1984). "To qualify as a limited purpose public figure, a plaintiff 'must have undertaken some voluntary [affirmative] act[ion] through which he seeks to influence the resolution of the public issues involved.'" *Rudnick v. McMillan,* 25 Cal. App. 4th 1183, 1190 (Ct. App. 1994); *see also Mosesian v. McClatchy Newspapers,* 233 Cal. App. 3d 1685, 1689 (Ct. App. 1991). In *Curtis Publishing Co. v. Butts,* a disgraced college football coach who allegedly "fixed" games was found to be a public figure simply by being a coach of a college football team. 388 U.S. 130, 154-55 (1967).  Here, Kryeziu was the "coach" of the disgraced Maui X-Stream. He was the Chief Technical Officer of a software company which, by its voluntary actions, was disgraced because of the software his company sold and continued to sell after the allegations surfaced.

Arben Kryeziu founded Plaintiff and solely owns it. He is also Plaintiff's CEO. Since Plaintiff is a limited liability company, and has no way of acting except through its agents, it must share the reputation and public-figure status of its respective agents. *See Black v. Bank of America N.T. & S.A.,* 30 Cal.App.4th 1, 6 (Ct. App. 1994) ("A corporation is, of course, a legal fiction that cannot act at all except through its employees and agents.")  Therefore, Plaintiff, has voluntarily elected to share the reputation and public-figure status of Arben Kreyziu as a matter of law given Mr. Kreyziu's position as its sole owner, founder, and CEO. (UMF No. 85.)

Further, Mr. Kryeziu is an alter-ego for Plaintiff. *Wady v. Provident Life and Accident Ins. Co. of Am.,* 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002) (citing *Mesler v. Bragg Mgmt. Co.,* 39 Cal. 3d 290, 300 (1985)); *see also Sonora Diamond Corp. v. Superior Ct.,* 83 Cal. App. 4th 523, 538 (Ct. App. 2000). Plaintiff and Kreyziu clearly have a unity of interest. (UMF 72-84.) Further, for all of the reasons stated in the Undisputed Material Facts, to allow Plaintiff to claim a different legal status than Kryeziu

-9-

for the purposes of the standard of care for defamation would result in an inequitable result.

Finally, the primary rationale behind the lower burden of investigation that undergirds the public-figure doctrine, access to the press to rebut allegedly defamatory statements, is met according to Plaintiff's own admissions. (Exs. 1, 11, 18 [39-10].) *Curtis Publishing Co.,* 388 U.S. at 154.

                bb.    The matters being discussed were matters of public concern

The matters being discussed in Paragraph 16 of the FAC were matters of public concern because they are of concern to the software community, and the purchasers of the parties' software are clearly in the software community, and it is also newsworthy as evidenced by the "50 books" worth of material the community wrote about Arben Kryeziu. *Synder v. Phelps,* 562 U.S. ___, 131 S.Ct. 1207, 1216 (2011); (UMF [39-1] No. 85).

                cc.    The publications were privileged pursuant to California Civil Code Section 47

The application of Civil Code section 47 is decided as a matter of law. California Civil Jury Instruction No. 1723. Here, the publications were privileged under all three sub-subsections of subsection (c): (1), (2), and (3). *See Noel v. River Hills Wilsons, Inc.,* 113 Cal. App. 4th 1363 (Ct. App. 2003). Specifically, as sub-subsection (1) and (2), both Defendant and the potential customers listed in Paragraph 16 of the FAC share a common interest in avoiding the purchase of software that may contain unlicensed intellectual property of Defendant and others. Defendant has an interest because a purchase would harm Defendant, both directly from loss of royalties, and indirectly from lost sales to competitor competing unfairly. The potential customer has the same interest because they risk legal liability and the discontinuance of Plaintiff's products if they invest in the software solution. As to subsection (3), all potential customers in Paragraph 16 implicitly

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

asked for the information given when they mentioned to Defendant their consideration of purchasing Plaintiff's software.

### ii.   *Defendant did not act maliciously*

There is literally a mountain of evidence that supports the claims made by Defendant relating to CherryOS. (UMF [39-1] Nos. 55-64.) Further, the patent claims are supported by facts known to Defendant and admissible in this matter as a matter of judicial notice. (UMF [39-1] Nos. 44-51.) With the evidence provided, there is no way a jury could rationally conclude that Defendant acted with malice given Defendant's diligent research. (UMF [39-1] Nos. 52-54, 65-71.)

### iii.   *In the alternative, even if the negligence standard applies, Defendant was not negligent*

The same evidence that rebuts malice, above, is also sufficiently strong to negate the possibly of a jury properly inferring negligence by Defendant.

### c.   The Statements Made By Defendant Are Substantially True Which Is A Defense To All Claims

Even assuming, *arguendo,* that Defendant was negligent or acted with malice at the time the statements were made, substantial truth is an affirmative defense. *Masson,* 501 U.S. at 516-17 ("it is sufficient if the substance of the charge be proved true, irrespective of slight inaccuracy in the details.") Here, the statements in paragraph 16 of the First Amended Complaint are substantially true.

All of the statements in Paragraph 16 of the FAC, except Paragraph 16d, relate to what Plaintiff claims is the improper affiliation of Plaintiff with CherryOS and VX30. The theft of intellectual property by CherryOS and VX30 and his involvement is undisputed by Kryeziu. (UMF [39-1] Nos. 72, 85.)  Plaintiff and iRAPP are deeply affiliated with CherryOS and VX30: Bump Networks wrote VX30 and wrote and owns CherryOS. (UMF [39-1] Nos. 73, 78); (Ex. 31 [39-10].) It also wrote and owns iRAPP. (UMF [39-1] Nos. 62, 74). Further, even in the absence of the Bump Networks connection, the

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

relationship of Kryeziu to Maui X-Stream and Code Rebel LLC is sufficient to establish an "affiliation" to the understanding of the average person. (UMF [39-1] Nos. 72-84.) Finally, the statement in Paragraph 16d is also true. (UMF [39-1] No. 54.)

d.    The sixth claim for unfair competition fails

In addition to legal defenses raised above, the unfair competition claim fails for a lack of remedies. An injunction of the nature requested by Plaintiff is not a possible remedy because of the prior restraint doctrine. *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419-20 (1971). Restitution is not available because there is no allegation Defendant received anything of value from Plaintiff.  *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144-45 (2003) (restitution is "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, **to persons who had an ownership interest in the property** or those claiming through that person.") (citations omitted) (emphasis added).  Therefore, there are no remedies available to Code Rebel on their unfair competition claim even if they survive each legal defense, above.

Finally, unfair competition is an equitable claim which is decided by the Court and the Court is free to abstain from entertaining an unfair competition claim.  *Desert Healthcare Dist. v. PacifiCare FHP, Inc.,* 94 Cal. App. 4th 781, 795 (Ct. App. 2001). Given the facts as contained in the Undisputed Statement of Material Facts, there is no basis for this Court to find the actions of Aqua Connect are unfair, unlawful, or fraudulent.  If the Court is not inclined to apply the *Desert Healthcare Dist.* rule of abstention to all of the statements at issue, assuming *arguendo* the Court finds a triable issue of fact, the patent-related statements (FAC ¶¶ 15a, 16a, 16d) should certainly be excluded from any unfair competition claim because Plaintiff is apparently asking this Court to conduct a trial within a trial regarding patent infringement, including patent infringement of third-party patents by software that hasn't been sold for years.

///

e.   <u>The statements not specifically pled are not a basis to deny full summary judgment</u>

Plaintiff alleges statements without any specificity allegedly made within the last two years. (UMF [39-1] No. 31.)  Judgment should be entered in favor of Aqua Connect on those unpled statements for the following reasons:

Plaintiff was given two opportunities to specifically allege actionable statements, and they have failed to do so as required by case law. *Christakis,* 2009 WL 1248947, at *4 (a complaint for libel must plead the exact words. (citing *Des Grages v. Crall,* 27 Cal. App. 313, 314-15 (1915) and *Franchise Realty Interstate Corp. v. San Francisco Local Jt. Executive Bd. of Culinary Workers,* 542 F.2d 1076, 1082-83 (9th Cir. 1976) (when First Amendment rights are implicated, the danger that the action will chill free speech, requires specific allegations)).

In addition to the trade-libel claim, libel-like claims, such as tortious interference based on libel (claims two and three), are governed by the same pleading standard requiring exact words. *Christakis v. Mark Burnett Prods.*, No. 2:08-cv-06864-GW-JTL, 2009 WL 1248947, at *5 (C.D. Cal. Apr. 27, 2009). By implication, this pleading standard also applies to the sixth claim for unfair competition. *See id.*  Alleging statements which are barred by a defense, and then attempting to infringe upon the privacy of a party and imposing costs through discovery based solely upon non-specifically alleged putative defamation would violate the letter and spirit of the ruling in *Christakis.*

Two years is not within the statute of limitations for any of the claims. *See* section (a)(i), above.

The non-specifically alleged statements are alleged to be of the same nature as the ones specifically pled. (UMF No. 30.) Therefore, they would be barred by the standard of care and defense of substantial truth arguments, above. *See* sections (b) and (c), above.

The contents of the complaint in *Aqua Connect, Inc. v. Code Rebel LLC* filed May 25, 2011 bars an action on any publications after May 25, 2011 of the nature alleged in the FAC in this action because of the absolute litigation privilege. Cal. Civ. Code § 47(b); *Hagberg v. California Fed. Bank,* 32 Cal. 4th 350, 361 (2004).

### 2.   <u>Reasonable extent of security to be posted – defendant's perspective</u>

Federal Rule of Civil Procedure 54(d)(1) permits the Court to award costs to the prevailing party in an action.  *See also* 28 U.S.C. § 1920(2).  Local Rules 54.3-4 and 54.3-5 cover fees for reporter's transcripts of trial proceedings and deposition costs, which Defendant believes will make up the lion's share of the costs in this matter. Defendant anticipates at least ten depositions – one for each recipient of an allegedly libelous statement – as well as several more depositions for the recipients of the unpled statements.  (Decl. Wilkinson ¶¶ 3-4.)  Defendant also anticipates that Plaintiff will notice depositions, that Defendant will need copies of those transcripts for trial preparation purposes, and that the cost of those transcripts will approach the cost of the depositions that Defendant noticed.  (*Id.* ¶¶ 5-8.)  Combined with the potential cost of trial transcripts and dailies, Defendant expects to incur at least $32,000.00 in permissible costs.  (*Id.* ¶¶ 9-10.)

Furthermore, Defendant expects that it will have to prove matters denied by Plaintiff in response to Defendant's requests for admission.  (*Id.* ¶¶ 11-13.)  Federal Rule of Civil Procedure 37(c)(2) provides for mandatory payment of reasonable expenses, including attorneys' fees, incurred in proving denied or unanswered requests for admission.[1]  *See also Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1275 (9th Cir. 1990) (expenses include attorneys' fees and costs "incurred in proving the

---

[1] Exceptions include: (1) the request is held objectionable pursuant to Federal Rule of Civil Procedure 36(a); (2) the admission sought is of no substantial importance; (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter; or (4) other good reason for the failure to admit.  Fed. R. Civ. P. 37(c)(2)(A)-(D).

truth of a matter where the other party refused to admit the matter"). The rule mandates an award of expenses unless an exception applies because:

> Enforcement encourages attorneys and parties to identify undisputed issues early to avoid unnecessary costs. Failure to identify those issues wastes the resources of the parties and the courts. *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994).

Since Defendant expects to disprove each allegation in Plaintiff's FAC as well as proving the validity of the affirmative defenses in Defendant's answer, and these issues will all be the subject of requests for admission, Defendant projects that its entire trial preparation and defense will be proving denied or unanswered requests for admission. (*Id.* ¶¶ 11-14.) As such, Defendant estimates that it will incur $105,000.00 in mandatory attorneys' fees. (*Id.* ¶ 14.)

### 3.   Reasonable extent of security to be posted – plaintiff's perspective

Although Defendant does not pretend to speak for Plaintiff on this matter, it does not need to because Plaintiff has already spoken. In support of Plaintiff's Ex Parte Application to deny Defendant's Motion for Summary Judgment, Plaintiff's counsel indicated that Plaintiff seeks depositions of Defendant's: (1) sales and marketing personnel; (2) actual customers who were recipients of representations from Defendant; (3) potential customers who were recipients of representations from Defendant. (Houkom Decl. [48-1] ¶ 12(1)-(2). Plaintiff also seeks depositions related to Defendant's patents and patent applications. (*Id.* ¶ 12(3).) Plaintiff also seeks expert depositions related to the content and coverage of Defendant's patents and patent applications. (*Id.* ¶ (12(4).) By Plaintiff's own admission, this matter will require numerous depositions and their concomitant costs – perhaps costs in excess of Defendant's estimate since Plaintiff will be seeking expert depositions.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR COST BOND

**IV.    CONCLUSION**

Plaintiff is a foreign LLC that elected to bring suit in California.  Defendant has shown a reasonable possibility of obtaining judgment on undisputed facts.  California law requires the imposition of a bond under such circumstances.  Defendant respectfully requests the Court to order Plaintiff to post a bond of at least $137,000.00 or such other amount that the Court deems appropriate.


DATED:  April 29, 2014            M.K. HAGEMANN, P.C.

                                 By: /s/ Clay R. Wilkinson
                                 Michael K. Hagemann
                                 Clay R. Wilkinson
                                 Attorneys for Defendant, AQUA CONNECT, INC.